IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01108-RM-MJW

BRIAN HANKS and
MAGGIE OLANIE,

Plaintiffs,

v.

AMINOKIT LABORATORIES, INC. a Colorado Corporation;
TAMEA SISCO;
KANE LAI, MD;
HCA HEALTHONE, LLC, a Colorado Limited Liability Company d/b/a SKY RIDGE MEDICAL CENTER; and
MEDICAL OFFICE BUILDINGS OF COLORADO II, LLC, a Delaware Limited Liability Company,

Defendants.

**RECOMMENDATION ON THE MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR MORE DIFINITE [SIC] STATEMENT, BY DEFENDANTS AMINOKIT LABORATORIES, INC. AND TAMEA SISCO**
(Docket No. 27)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to an Order Referring Case entered by Judge Raymond P. Moore on June 28, 2017 (Docket No. 22). Now before the Court is the Motion to Dismiss, or in the Alternative for More Difinite (sic) Statement, by Defendants Aminokit Laboratories, Inc. and Tamea Sisco (Docket No. 27). Plaintiffs filed a response (Docket No. 29). No reply was filed and the deadline to file a reply has elapsed. Judge Moore referred the subject motion to the undersigned magistrate judge (Docket No. 28). The Court has reviewed the parties' filings (Docket Nos. 27 & 29),

1

taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following report and recommendation.

## Standard of Review

Defendants Aminokit Laboratories, Inc. ("Aminokit") and Sisco move for dismissal under Fed. R. Civ. P. 12(b)(6), or in the alternative, for an order requiring Plaintiffs to file a more definitive statement of their claims under Fed. R. Civ. P. 12(e). The moving Defendants also cite to Fed. R. Civ. P. 8 in their motion.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Comm's Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." "At some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007).

2

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court." *Shankar v. Wells Fargo Bank NA*, No. 14-cv-02000-CMA-KLM, 2015 WL 870797, at *1 (D. Colo. Feb. 26, 2015). As such, Rule 12(e) motions are "rarely granted unless the complaint is 'so excessively vague and ambiguous as to be unintelligible' or defendant would be prejudiced in its attempt to answer it." *Id.* (quoting *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002)). Nonetheless, Rule 12(e) motions may be granted where a complaint's structure and form make it difficult or

3

impossible for a defendant to "ascertain the exact claims pleaded and their nature and scope." *Green v. Potter*, No. 10-cv-02201-LTB-KMT, 2011 WL 2693523, at *5 (D. Colo. July 12, 2011). The decision to grant or deny a motion for more definite statement rests within the trial court's sound discretion. *Emp'rs Mut. Cas. Co. v. Downey Excavation, Inc.*, No. 10-cv-02043-MSK-KMT, 2011 WL 1335839, at *1 (D. Colo. Apr. 7, 2011).

**Analysis**

As an initial matter, the motion cites to Rule 12(b)(6) in its first paragraph, but offers no legal analysis under that rule. Accordingly, the Court recommends that the motion be denied to the extent it purports to be brought under Rule 12(b)(6). While a violation of Rule 8 can form the basis for a dismissal under Rule 12(b), Defendants Aminokit and Sisco provide no legal argument or authority for such a dismissal and it is not the Court's role to construct an argument for them. *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."); *cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The heart of the motion is a request for the Court to order Plaintiffs to file an amended complaint that "provide[s] a more definite statement of the plaintiffs' claims and allegations." (Docket No. 27 at 3). The Court construes this as a Rule 12(e) argument. The moving Defendants state that the Complaint (Docket No. 1) is "90 pages

4

long and consists of 430 paragraphs . . .," which they argue "compromise[s] [their] ability to properly ascertain and evaluate the bases for the plaintiffs' various claims against them." (Docket No. 27 at 2). Plaintiffs note that because they assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), they are required to describe the alleged scheme in enough detail to meet the requirements of Fed. R. Civ. P. 9(b). (Docket No. 29 at 2-3). The also explain that they "are required to plead a pattern of wrongful conduct in support of their RICO and Colorado Consumer Protection Act, ("CCPA") claims." (*Id.* at 3).

The Court has reviewed the Complaint and found that it is not "so excessively vague and ambiguous as to be unintelligible" *Greater N.Y. Auto. Dealers Ass'n*, 211 F.R.D. at 76. The Court also finds that Defendants Aminokit and Sisco will not be prejudiced by being required to respond to the Complaint. *Shankar*, 2015 WL 870797, at *1. Further, the structure of the Complaint is not confusing so as to make it hard for a reader to understand what claims are being asserted. *Green*, 2011 WL 2693523, at *5. For these reasons, the Court recommends that the motion be denied to the extent it asks the Court to order Plaintiffs to file an amended complaint pursuant to Rule 12(e).

## Recommendation

It is hereby **RECOMMENDED** that the Motion to Dismiss, or in the Alternative for More Difinite (sic) Statement, by Defendants Aminokit Laboratories, Inc. and Tamea Sisco (Docket No. 27) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions,** *Makin v. Colo. Dep't of Corr.,* **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:	January 25, 2018	   /s/ Michael J. Watanabe
	Denver, Colorado	Michael J. Watanabe
	                 	United States Magistrate Judge